UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x
                       :

ROBERT R. WIGHTMAN-CERVANTES,

                       :

             Plaintiff,

                       :

        - against -

                       :

AMERICAN CIVIL LIBERTIES UNION
et al.,                       :

            Defendants.  :

- - - - - - - - - - - - - - - - - -x



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/25/07

MEMORANDUM DECISION

06 Civ. 4708 (DC)

**APPEARANCES:**   (see last two pages)

**CHIN, D.J.**

       In this case, <u>pro</u> <u>se</u> plaintiff Robert "Bobby" R. Wightman-Cervantes seeks redress for various wrongs he alleges were committed in connection with his disbarment from the State Bar of Texas and his subsequent criminal prosecution for illegal practice as an attorney.  Plaintiff brings this action against twelve defendants, including the American Civil Liberties Union ("ACLU"), the Texas Commission on Lawyer Discipline, the Texas Court of Criminal Appeals, the Dallas Court of Appeals, the County of Dallas, and seven individuals.  He claims violations of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and constitutional violations under 42 U.S.C. § 1983.

       The Court (Casey, J.) referred this case to United States Magistrate Judge Ronald L. Ellis in August 2006 for general pretrial and dispositive motions.  Each of the named defendants filed motions to dismiss.  By Report and

Recommendation dated November 1, 2006 (the "Report"), Judge Ellis recommended granting the ACLU's motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  Judge Ellis did not reach the merits of the other motions to dismiss because he found that venue was improper in this Court and recommended that the remaining claims be transferred to the Northern District of Texas.  On November 15, 2006, plaintiff filed an objection to the Report.  This case was reassigned to the undersigned on May 21, 2007.

For the following reasons, the Report is adopted, and the Court grants the ACLU's motion to dismiss and transfers the remainder of the case to the Western District of Texas.

## BACKGROUND

The Court assumes familiarity with the facts of this case, which are recounted in greater detail in the Report and in the complaint.  Of particular importance to the instant motions, the Court notes that only one of the named defendants -- the ACLU -- is alleged to be a domiciliary of New York.  (Compl. ¶ 3.) According to the complaint, the other defendants are domiciled or have their principal places of business in Texas.  (Compl. ¶¶ 4-14.)  The complaint lists addresses for some of these defendants in Austin, which is in the Western District of Texas, and addresses for the rest of the defendants in Dallas, which is in the Northern District of Texas.  (Id.).

- 2 -

## DISCUSSION

### I.   Legal Standard

The Court reviews de novo all portions of a magistrate judge's report to which there are objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  De novo review permits the Court to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1); see United States v. Raddatz, 447 U.S. 667, 673-674 (1980).

### II.   ACLU's Motion to Dismiss for Failure to State a Claim

#### A.   Applicable Law

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor.  Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996).  This is especially true where the plaintiff is proceeding pro se, for complaints drafted by pro se plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers."  Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).  Nonetheless, to survive a Rule 12(b)(6) motion, a pro se plaintiff must support his claims with "specific and detailed factual allegations, not stated in wholly conclusory terms."  Friedl v. City of New York, 210 F.3d 79, 85-86 (2d Cir. 2000).  "[L]egal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness."

- 3 -

United States v. Bonanno Organized Crime Family of La Cosa
Nostra, 879 F.2d 20, 27 (2d Cir. 1989) (quoting 2A James Wm.
Moore et al., Moore's Federal Practice, ¶ 12.07 (2d ed. 1987)).
Accordingly, "[c]onclusory allegations or legal conclusions
masquerading as factual conclusions will not suffice to [defeat]
a motion to dismiss." Achtman v. Kirby, Mcinerney & Squire, LLP,
464 F.3d 328, 337 (2d Cir. 2006) (citations omitted).

    **B.**   **Application**

      I agree with the Report's conclusion that the ACLU's
motion to dismiss for failure to state a claim should be granted.
The complaint alleges that the ACLU and others conspired to
violate plaintiff's right to practice law and, in particular, to
strip him of admission to practice before the United States
Supreme Court.  It further alleges that the ACLU and others
conspired to incarcerate plaintiff for political speech and
defamation.  As to how this conspiracy functioned, however,
plaintiff makes no factual allegations upon which he could prove
"a set of facts in support of his claim which would entitle him
to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
Rather, plaintiff states his allegations against the ACLU in
"wholly conclusory terms." See Friedl, 210 F.3d at 85-86.  Such
allegations are insufficient to survive a motion to dismiss.  See
Paycom Billing Servs. v. Mastercard Int'l, Inc., 467 F.3d 283,
(2d Cir. 2006) (explaining that courts "do not permit conclusory
statements to substitute for minimally sufficient factual

allegations").  Accordingly, the ACLU's motion to dismiss for failure to state a claim is granted.

## III. Venue

### A.  Applicable Law

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  In considering a transfer of venue, whether or not a party has moved for a transfer is not dispositive; a district court may transfer cases sua sponte under Section 1404(a).  Lead Indus. Assoc. v. Occupational Safety & Health Admin., 610 F.2d 70, 79 n.17 (2d Cir. 1979); see, e.g., Banco de Seguros del Estado v. Employers Ins. of Wausau, 171 F. Supp. 2d 330, 332 n.5 (S.D.N.Y. 2001).

Generally, a "plaintiff's choice of forum is entitled to substantial weight and will not be disturbed lightly," Thunder Island v. A.G. Sport, No. 97 Civ. 4136, 1997 U.S. Dist. LEXIS 14652, at *3 (S.D.N.Y. Sept. 26, 1997); however, where "the plaintiff is an alien or a stranger to the forum with no connection to it, the degree of deference accorded its choice is diminished." Cento v. Pearl Arts & Craft Supply Inc., No. 03 Civ. 2424, 2003 U.S. Dist. LEXIS 6770, at *3 (S.D.N.Y. Apr. 24, 2003).

In determining whether a transfer is appropriate under Section 1404(a), a district court considers factors including: (1) the plaintiff's choice of forum; (2) the convenience of

- 5 -

witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the convenience of the parties; (5) the locus of operative facts; (6) the availability of process to compel the attendance of unwilling witnesses; and (7) the relative means of the parties.  D.H. Blair & Co. V. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006) (citation omitted).

### B.   Application

In this case, only the first factor -- plaintiff's choice of forum -- counsels against transfer.  Considering the remaining factors, I conclude that transfer is warranted.  Other than the alleged involvement of the ACLU, none of the events described in the complaint took place within the Southern District of New York.  Thus, it is unlikely that any witnesses, relevant documents, or other proof will be found here.  All of the named parties reside in the state of Texas, and all of the conduct of which plaintiff complains occurred in Texas, making Texas the locus of operative facts, and a district therein the most convenient venue for the parties and witnesses alike.  On the other hand, with the dismissal of plaintiff's claims against the ACLU, the only connection between this case and this District has been severed.  Hence, a district court in Texas -- where this action could have been brought initially -- would provide a more appropriate venue for the disposition of plaintiff's remaining claims.

In various motions before the Court, several of the
defendants have requested, as alternative relief, transfer to the
Northern District of Texas.  In his objection to Judge Ellis's
Report, however, plaintiff requested that any eventual transfer
be made to the Western District of Texas.  In the interest of
giving weight to plaintiff's choice of forum, and because
defendants -- some of whom reside in the Western District of
Texas -- have not in their subsequent replies raised objection to
this request, I hereby transfer all remaining claims to the
Western District of Texas.

**CONCLUSION**

For the foregoing reasons, the ACLU's motion to dismiss
pursuant to Rule 12(b)(6) is granted, and plaintiff's remaining
claims are transferred to the Western District of Texas.  The
Clerk of the Court shall enter judgment accordingly.

SO ORDERED.

Dated:    New York, New York
          June 25, 2007

DENNY CHIN
United States District Judge

**APPEARANCES**

For Plaintiff Robert R. Wightman-Cervantes:

        ROBERT R. WIGHTMAN-CERVANTES
        Plaintiff Pro Se
        24 West Lovell Court
        Brownsville, Texas  78521


For Defendant American Civil Liberties Union:

        PROSKAUER ROSE LLP
            By:  Charles S. Sims, Esq.
               Jessica Mastrogiovanni, Esq.
        1585 Broadway
        New York, New York  10036


For Defendants Thomas Phillips, Jim Wright, Wallace Jefferson,
    Sharon Keller, and Texas Court of Criminal Appeals:

        GREG ABBOTT, ESQ.
        Texas Office of the Attorney General
            By:  John F. Morehead, Esq.
               Assistant Attorney General
        P.O. Box 12548
        Capitol Station
        Austin, Texas  78711


For Defendants Texas Commission on Lawyer Discipline and Robert
    B. Cousins:

        STATE BAR OF TEXAS OFFICE OF THE GENERAL COUNSEL
            By:  Dudley Page McClellan, Esq.
        1414 Colorado Street
        Austin, Texas  78701


For Defendants Bill Hill and County of Dallas:

        CRAIG WATKINS, ESQ.
        Dallas County District Attorney
            By:  Peter L. Harlan, Esq.
        Frank Crowley Courts Building
        133 N. Industrial Blvd., LB19
        Dallas, Texas  75207

For Defendant Bruce Anton:

                    MARY MARGARET PENROSE, ESQ.
                    University of Oklahoma College of Law
                    300 Timberdell Road
                    Norman, Oklahoma  73019


For Defendant Barry Sorrels:

                    BARRY SORRELS, ESQ.
                    Defendant <u>Pro</u> <u>Se</u>
                    Sorrels, Udashen & Anton
                    2301 Cedar Springs Road, Suite 400
                    Dallas, Texas  75201